## FRANK B. GAVLAS *vs.* THE STATE DEPARTMENT OF HEALTH ET AL.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 17th—decided June 18th, 1928.

*Daniel E. Brennan,* for the appellant (plaintiff).

*James W. Carpenter,* with whom, on the brief, was *Benjamin W. Alling,* Attorney General, for the appellees (defendants).

PER CURIAM. In this action, brought against the Connecticut Eclectic Examining Board and the State Department of Health, the complaint alleges that the plaintiff, a licensed medical practitioner, surrendered or was made to surrender his certificate or license, without cause and illegally, and it seeks an order compelling the defendants or either of them to reinstate and restore it. The finding states that while the grand jury was investigating alleged frauds in the procuring of their licenses to practice medicine by the plaintiff and others, he voluntarily appeared before it, admitted that he was not a graduate of a reputable medical school, stated that he intended to obtain an education in such a school, and voluntarily surrendered his license to the grand jury, intending permanently to surrender and abandon his right to practice medicine in the State under it. While the plaintiff has caused all the evidence to be printed, he has followed no proper procedure to secure a correction in this finding, nor, if he had, would the evidence justify a correction in any material particular. If the surrender of his license in

the way in which he made it is to be regarded as one in effect to the defendants he names in this proceeding, it was under the circumstances as effectual to terminate his right to practice medicine as would have been a revocation of it by them, a revocation which, in view of his admission of his lack of proper medical education, would doubtless have followed had he not voluntarily acted. If, on the other hand, the surrender of the license to the grand jury is not to be regarded as a surrender to the defendants, they can hardly be called upon to reinstate or restore something which has never been given up to them. In either aspect the appeal is without merit.

There is no error.